1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED
CLERK, U.S. DISTRICT COURT

SEP - 4 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FALLON LOGAN, on behalf of herself
and all others similarly situated,

                            Plaintiffs,

      v.

UNION SECURITY INSURANCE
COMPANY,

                        Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. CV14-01174 DMG (Ex)
Assigned to Hon. Dolly M. Gee

[~~PROPOSED~~] **PROTECTIVE ORDER
ENTERED PURSUANT TO THE
PARTIES' STIPULATION**

///

///

///

///

///

///

///

1    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the

2    parties' Stipulated Protective Order Regarding Confidential and Trade Secret Information

3    ("Stipulation") filed on September 3, 2014, the terms of the protective order to which the

4    parties have agreed are adopted as this Court's Protective Order in this action.

5    **TERMS OF THE PROTECTIVE ORDER**

6    **1.      DEFINITION OF "CONFIDENTIAL INFORMATION"**

7    For purposes of this Protective Order, "Confidential Information" shall mean the

8    following types of documents and information:

9    (a)    information that constitutes a trade secret including, without limitation,

10   information, materials, and other documents reflecting non-public business or financial

11   strategies, and confidential competitive information which, if disclosed, could result in

12   prejudice or harm to the disclosing party;

13   (b)    non-public financial projections, analyses, or studies;

14   (c)    other non-public information that is of a confidential nature;

15   (d)    non-public communications with regulators, Departments of Insurance, or

16   other governmental bodies that are intended to be kept confidential or are protected from

17   disclosure by statute or regulation; and

18   (e)    policyholder-specific information, including private medical information.

19   1.1    Any copies or reproductions, excerpts, summaries, or other documents or

20   media that contain or incorporate Confidential Information as defined above shall also be

21   treated as Confidential Information pursuant to this Protective Order.

22   1.2    Nothing in this Protective Order shall be construed as requiring Union

23   Security to produce any personal or identifying information regarding any individual, nor

24   any other policyholder information that is protected from disclosure under applicable state

25   or federal law.

26   **2.      MARKING DOCUMENTS "CONFIDENTIAL"**

27   The Designating Party shall designate Confidential Information by stamping any

28   document or material produced to a Party with the legend "CONFIDENTIAL" or by

1

1   informing the Parties of the designation in writing at the time of production. Any such

2   stamp or designation shall not, in any manner, cover up, overlap upon, obscure or

3   otherwise conceal any text, picture, drawing, graph, or other communication or depiction

4   in the document. As reasonably practicable, to the extent that a document or other

5   material contains both Confidential Information and non-confidential information, the

6   Designating Party shall clearly delineate the particular portions that constitute

7   Confidential Information and the remaining portions of the document or material shall be

8   deemed not to be Confidential Information.

9   **3.    DESIGNATING DEPOSITIONS "CONFIDENTIAL"**

10          With respect to any deposition, confidential treatment may be invoked by

11   designating testimony as "Confidential" on the record at the deposition, or by serving

12   such designations within 30 days after receipt of the final transcript of the deposition. All

13   deposition transcripts shall be treated as Confidential Information for 30 days following

14   receipt of the final transcript, unless the Parties otherwise agree, and shall lose

15   confidential treatment if no designation is made within the 30-day period.

16   **4.    USE OF "CONFIDENTIAL" MATERIAL**

17          Material designated by a Party or non-party, or by counsel for a Party or non- party,

18   as Confidential Information under this Protective Order shall be used by persons receiving

19   it only for the purposes of the litigation or settlement of this Action. Any person in

20   possession of Confidential Information must exercise reasonable care with regard to its

21   storage, custody and use to ensure that the confidential nature of the same is maintained.

22   **6.    INADVERTENT PRODUCTION OF CONFIDENTIAL MATERIAL:**
23          **NO WAIVER**

24          If at any time prior to the trial of this Action, a Party or non-party realizes that

25   previously undesignated documents or other material should be designated as Confidential

26   Information, the Party or non-party may so designate by advising the Parties in writing.

27   The designated documents or material will thereafter be treated as Confidential

28   Information pursuant to this Protective Order. Upon receipt of such designation in

2

1   writing, the Parties and all other persons subject to this Protective Order shall take
2   reasonable and appropriate action to notify any and all recipients of the material about the
3   protected status of the newly designated Confidential Information and to retrieve the
4   newly designated Confidential Information from any person who is not permitted by this
5   Order to have Confidential Information.

6   **6.    "QUALIFIED PERSONS"**

7       Confidential Information may be disclosed only to the following "Qualified
8   Persons":

9       (a)    the Court, including attorneys, employees, judges, secretaries, special
10  masters, stenographic reporters, staff, transcribers, and all other personnel necessary to
11  assist the Court in its function and whose duties require access to Confidential
12  Information;

13      (b)    the Parties and counsel of record for the Parties, including all partners
14  and associate attorneys of such counsel's law firms who are assisting in the conduct of
15  the Action, as well as any other counsel and support personnel of such counsel who
16  are assisting counsel of record for the Parties in connection with the Action, and all
17  clerks, employees, independent contractors, consultants, investigators, paralegals,
18  assistants, secretaries, staff and stenographic, computer, audio-visual, and clerical
19  employees, and agents thereof, operating under the supervision of such partners or
20  associate attorneys in connection with the Action;

21      (c)    litigation support services personnel, including outside copying services,
22  court reporters, stenographers, or companies engaged in the business of supporting
23  computerized or electronic discovery or trial preparation, retained by a Party or its
24  counsel in connection with the Action;

25      (d)    consulting or testifying experts, including associated personnel necessary
26  to assist experts in the Action, provided that such expert or consultant is not employed
27  by, or a consultant to, a competitor of the Party or non-party whose Confidential
28  Information is to be disclosed;

1       (e)    any person who created or authored such Confidential Information and

2  any persons to whom the Confidential Information has been previously disclosed;

3       (f)    auditors and insurers of the Parties;

4       (g)    any mediators or arbitrators, including their necessary staff, engaged by

5  the Parties for settlement purposes in the Action;

6       (h)    witnesses at depositions or other proceedings in the Action, where

7  disclosure is necessary to develop the testimony of such witnesses; and

8       (i)    any other person that the parties mutually agree may view the

9  Confidential Information.

10  **7.    DESIGNATIONS TO BE MADE IN GOOD FAITH**

11       The Parties agree to limit their designation of Confidential Information solely to

12  documents, information, and things that they, in good faith, believe qualify for such

13  designation under this Protective Order.  No Party receiving Confidential Information

14  shall be under any obligation to object to the designation of any document at the time

15  such designation is made or at any time thereafter. No Party shall, by failure to object,

16  be found to have acquiesced or agreed to such designation or be barred from objecting

17  to such designation at any time.

18  **8.    EXECUTING THE NON-DISCLOSURE AGREEMENT**

19       Each person to whom Confidential Information is disclosed, except the persons

20  identified in ¶¶ 6 (a), (b), (e), and (g) above, shall execute a non-disclosure agreement

21  in the form annexed hereto as Exhibit A before receiving Confidential Information.

22  Copies of the executed Exhibit A shall be retained by any Party disclosing

23  Confidential Information to such person, and counsel for any Party to the Action that

24  receives Confidential Information from a Designating Party shall obtain and retain a

25  copy of all such executed agreements pertaining to any such persons who obtain

26  Confidential Information directly or indirectly from such Party to the Action. Counsel

27  for the receiving Party shall be responsible for ensuring compliance with the non-

28  ///

1  disclosure agreement by all persons to whom it provides Confidential Information

2  directly or indirectly.

3  **9.     CHALLENGING "CONFIDENTIAL" DESIGNATIONS**

4         A Party objecting to the designation of any material as Confidential Information

5  shall give written notice to the Designating Party. Within 14 days of receipt of the written

6  objection, the Designating Party shall serve a letter on the objecting Party, in accordance

7  with Local Rule 37-1, responding to the objection and requesting a conference to meet

8  and confer in good faith to attempt to resolve the dispute without resort to Court

9  intervention. If, after complying with the procedures set forth in Local Rule 37-1, the

10  objecting Party and the Designating Party cannot resolve their dispute, the Designating

11  Party, within 21 days after the good faith conference, or such other time period as may be

12  agreed to by the Parties, must file a motion with the Court to continue the designation of

13  the material as Confidential Information. The Designating Party has the burden of

14  establishing that the document is entitled to protection. Provided that the Designating

15  Party makes an application to the Court within the time period set forth above, any

16  material so designated shall remain Confidential Information, and shall be subject to all of

17  the restrictions on its disclosure and use set forth in this Protective Order until such time

18  as the Court determines otherwise.

19  **10.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHER**
   **PROTECTED INFORMATION**

20

21         Inadvertent production or other disclosure of documents or information subject to

22  work-product immunity, the attorney-client privilege, or other legal privilege that protects

23  information from discovery shall not constitute a waiver of the immunity, privilege, or

24  other protection, provided that the producing Party or non-party notifies each receiving

25  Party in writing in a reasonably prompt manner after it discovers such inadvertent

26  production. The written notice shall identify the inadvertently produced document(s), and

27  describe the basis for requesting the return or destruction of each inadvertently produced

28  document. Upon receipt of the written notice, each receiving Party and non-party shall

1   promptly comply with the request and return or destroy such documents. If the producing

2   and receiving parties do not agree that the document is entitled to protection, within 14

3   days of receipt of the written notice, the receiving party shall serve a letter on the

4   producing party, in accordance with Local Rule 37-1, responding to the written notice and

5   requesting a conference to meet and confer in good faith to attempt to resolve the dispute

6   without resort to court intervention. If, after complying with the procedures set forth in

7   Local Rule 37-1, the producing and receiving parties cannot resolve their dispute, the

8   producing party, within 21 days after the good faith conference, or such other time period

9   as may be agreed to, must file a motion with the Court. Any Party or non-party having

10  received privileged or protected information produced inadvertently is expected to comply

11  with the requirements of this paragraph as soon as it is known or should be known that the

12  document and information contained therein is privileged and/or protected. The Parties

13  and any non-parties shall have the benefit of all limitations on waiver afforded by Federal

14  Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B). Any inadvertent

15  disclosure of privileged information shall not operate as a waiver in any other federal or

16  state proceeding, and the Parties' agreement regarding the effect of inadvertent disclosure

17  of privileged information shall be binding on non-parties.

18  **11.    SUBPOENA FOR CONFIDENTIAL INFORMATION**

19          If any Party has obtained Confidential Information under the terms of this

20  Protective Order and receives a request to produce such Confidential Information by

21  subpoena or other compulsory process commanding the production of such Confidential

22  Information, such Party shall promptly (within 3 business days) notify the Designating

23  Party, including in such notice the date set for the production of such subpoenaed

24  information and, unless prohibited by applicable law, enclosing a copy of the subpoena

25  (or other form of process), and shall object to the process or subpoena and not produce or

26  disclose the Confidential Information until any dispute between the requesting party and

27  the Designating Party is resolved.

28  ///

1    **12.    FILING CONFIDENTIAL INFORMATION**

2            All documents or things filed with the Court that comprise or contain

3    Confidential Information, or that refer to or in any way disclose Confidential

4    Information (including pleadings, motions, or other submissions), shall be submitted

5    for filing under seal in accordance with the Local Rules, particularly Local Rule 79-

6    5.1.

7    **13.    NO LIMITATION ON USE OF OWN INFORMATION**

8            Nothing in this Order shall impose any restriction on the use or disclosure by a

9    Party of its own information or of information that lawfully came into the possession

10   of the Party independent of any disclosure of information in this litigation. Nothing

11   contained in this Protective Order shall be construed as preventing any Party or non-

12   party from seeking greater protections or confidentiality for particular Confidential

13   Information.

14   **14.    USE OF CONFIDENTIAL INFORMATION AT TRIAL**

15           The Parties shall disclose any exhibits containing Confidential Information that

16   they intend to introduce at trial, and the Parties shall be prepared at the Final Pretrial

17   Conference to address with the Court how such exhibits shall be used at trial and what

18   protection, if any, from disclosure is warranted.

19   **15.    ORDER SURVIVES TRIAL**

20           This Order shall be binding throughout and after final adjudication of this

21   action, including, but not limited to, final adjudication of any appeals and petitions for

22   extraordinary writs.  Nothing in this Protective Order shall be construed to contradict

23   any provision of law.

24   **16.    FINAL TERMINATION**

25           Upon final termination of this Action, including any and all appeals, counsel for

26   each Party shall, upon request of the Designating Party, return all Confidential

27   Information to the party that produced the information, including any copies, excerpts

28   and summaries thereof, including all copies provided to Qualified Persons, except

1   those persons described in ¶ 6(a), or shall destroy the same at the option of the

2   receiving Party, and shall purge all such information from all machine-readable media

3   on which it resides, including with respect to Qualified Persons.  Notwithstanding the

4   foregoing, counsel for each Party may retain all pleadings, briefs, memoranda,

5   discovery responses, deposition transcripts, deposition exhibits, expert reports,

6   motions, and other documents filed with the Court that refer to or incorporate

7   Confidential Information, and will continue to be bound by this Protective Order with

8   respect to all such retained information.  Further, attorney work-product materials that

9   contain Confidential Information need not be destroyed, but, if they are not destroyed,

10  the person in possession of the attorney work-product will continue to be bound by

11  this Protective Order with respect to all such retained information.

12  **17.    MODIFYING THIS ORDER**

13          Nothing in this Protective Order shall be construed to prohibit the Parties from

14  agreeing to modify any provision of this Protective Order or seeking relief from the Court.

15  Nor shall anything in this Protective Order or any Party's compliance herewith be

16  construed as a waiver of any Party's rights under applicable law.

17  **IT IS SO ORDERED.**

18

19  Dated: _9/4/14_

20          Honorable ~~Dolly M. Gee~~ Charles F. Eick
            United States ~~District Court Judge~~
            Magistrate Judge

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8                              **EXHIBIT A**
9
10                  UNITED STATES DISTRICT COURT
11                 CENTRAL DISTRICT OF CALIFORNIA
12
13   FALLON LOGAN, on behalf of          )   CASE NO. CV14-01174 DMG (Ex)
     herself and all others similarly   )   Assigned to Hon. Dolly M. Gee
14   situated,                           )
                                         )   **STIPULATED PROTECTIVE**
15                    Plaintiffs,        )   **ORDER REGARDING**
                                         )   **CONFIDENTIAL AND TRADE**
16           v.                          )   **SECRET INFORMATION**
                                         )
17   UNION SECURITY INSURANCE            )
     COMPANY,                            )
18                                       )   Compl. Filed:  Feb. 14, 2014
                      Defendant.         )   Trial Date:    None Set
19                                       )
20
21          I, the undersigned, hereby declare that I have read the attached Stipulated
22   Protective Order Regarding Confidential and Trade Secret Information entered in the
23   above-captioned Action. I understand the terms of, will comply with, and agree to be
24   bound by all of the provisions of the Stipulated Protective Order Regarding
25   Confidential and Trade Secret Information.
26   DATED:
27                                           _____
                                             Signature
28
                                             _____
                                             Print Name